### Dwight and others *v.* Smith and others.

*(Circuit Court, D. Vermont. July 22, 1882.*

1. RAILROADS—FIRST-MORTGAGE BONDS.

When money applicable to the payment of first-mortgage bonds of a railroad company has come into the hands of the trustees for the bondholders, each holder at that time becomes immediately entitled to the share of the money applicable to his bond, and can immediately recover the same.

2. SAME—RIGHTS OF BONDHOLDERS.

The question whether the bondholders, who have acquired their bonds since money in the hands of the trustees applicable to the bonds accrued, are entitled to share in that money, depends upon the nature of the right, and of the transaction by which they acquired the bonds.

3. SAME—EQUITABLE RELIEF.

The debt for which the bonds issued was a debt of the company, and property in the hands of the trustees is security for that debt, and when the debts pass the securities pass also, unless a contrary intention is shown, and the time when

the parties secured their bonds is not material; and where there has accrued a large amount of money applicable and not applied on the bonds after satisfying prior liens, the bondholders are entitled to relief against those having the money.

In Equity.

*Francis H. Brooks* and *Edward J. Phelps,* for orators.

*Daniel Roberts,* for defendants.

WHEELER, D. J. This cause has now been heard on demurrer to the amended bill. The bill states many things not material or pertinent to the case actually made, and many conclusions of law, without the facts leading to such conclusions. As it is, however, it shows in substance that the orators are severally holders, to a large amount in all, of the first-mortgage bonds of the Vermont Central Railroad; that the trustees of the mortgaged estate for the bondholders have been in possession of the property for a long time, and received therefrom money applicable to the bonds, and have not paid it over to the bondholders, but have diverted it to their own private uses, or otherwise, and have, in alleged violation of their trust, turned over the property to the Central Vermont Railroad Company, of which the trustees are leading officers and stockholders, and which has also received money therefrom applicable to the bonds and not paid over, whereby the trustees have become hostile in interest to the bondholders. The trustees, the Central Vermont Railroad Company, and the officers of that company actively engaged in the management of the property, are all made defendants.

The principal questions raised by the demurrer and not before disposed of in this litigation, either in this case or some other, are whether the orators can properly unite in bringing and maintaining this bill; whether they show any right to relief without showing that they were owners of the bonds at the time when the avails of the property applicable to the bonds accrued; and whether the bill shows any sufficient ground for relief.

It is doubtless true, as has been now argued and before held in this case, that when money applicable to the payment of the bonds has come to the hands of the trustees for the bondholders, each holder at that time became immediately entitled to the share of the money applicable to his bond, and could immediately recover the same to himself. If nothing was involved but the recovery from the trustees of such money, the right of each bondholder to the share of the money belonging to him would be several, and exclusive of the other

bondholders, and the suits would necessarily be separate, and probably would be required to be at law and not in equity. As this bill stands, the money accruing to the bondholders has not for a long time been paid over to the bondholders, but has remained in the hands of the trustees, unaccounted for to the bondholders and belonging to the body of them, as security for the bonds, which are the original debt of another party. The mortgaged property itself is also involved, in which all the bondholders have a common interest, and to which neither has any separate right exclusive of the others.

The question whether the trustees, or those who have received the trust property from the trustees, are chargeable for it, or its avails, and to what extent as to either or both, is or may be involved; and in that all the bondholders have common concern, and upon familiar principles of equity procedure not only properly can, but ought to, join in proceedings for the prosecution and protection of their common rights.

So far as reaching the avails of the property in money which has come to the hands of the trustees is concerned, if the action was at law, where judgment could only be recovered for a certain sum, in which all the plaintiffs shall have a common right, the orators could not recover upon the case made, for the bill does not show that they all were holders of bonds for any one space of time, so that all would have a common right to any of the money. But proceedings in equity are much more flexible and capable of being adapted to the exigencies of the case, and when all the rights are adjusted the particular rights of each can be decreed to them as they may appear entitled to them.

The question whether the bondholders, who have acquired their bonds since money in the hands of the trustees applicable to the bonds accrued, are entitled to share in that money, depends upon the nature of the right, and of the transaction by which they acquired the bonds. The bonds are the debt of the Vermont Central Railroad Company, and not of the trustees. The property in the hands of the trustees was there for security of the debt, and all avails of it which came to their hands came there for the same purpose. It was all security for, and incident to, the debt, which was the principal thing. The principal draws to itself the accessories. This is very applicable to secured debts. When the debts pass, the securities pass also, unless some contrary intention of the parties to the transaction is shown. No contrary intention appears here. The holders of these bonds are therefore, so far as is now apparent, at least, entitled to all the

money in the hands of the trustees or other parties belonging to their bonds, whenever it accrued. Therefore, the time when the orators acquired their bonds is not so material as was supposed and held in the decision upon the former demurrer. The bill now shows that there has accrued a large amount of money applicable and not applied to the bonds, after satisfying prior liens. So it shows good ground for relief in favor of the holders of bonds against those who have the money. The bill also shows sufficient ground for the removal of the trustees to call for an answer in that behalf.

The circuit justice concurs in this opinion.

The demurrer is overruled; the defendants to answer over by the September rule-day.